

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 03-20161
CIV-KING

Marie Jeanne Jean, in her individual
capacity, and as parent and legal
guardian for minors Vladimir Pierre
and Michelleda Pierre,

    Plaintiffs,

v.

Carl Dorélien,

    Defendant.

_____/

MAGISTRATE JUDGE
O'SULLIVAN

**COMPLAINT FOR
EXTRAJUDICIAL KILLING
AND CRIMES AGAINST
HUMANITY**
**JURY TRIAL DEMANDED**

Plaintiff Marie Jeanne Jean, in her individual capacity, and as guardian ad litem for minors Vladimir Pierre and Michelleda Pierre (collectively "Plaintiffs") allege as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action for compensatory and punitive damages against Carl Dorélien ("Defendant") for his responsibility for the extrajudicial killing of decedent Michel Pierre, a.k.a. Jamédodo. Plaintiffs, the wife and children of Michel Pierre, allege that Defendant Dorélien planned, ordered, authorized, encouraged, or permitted subordinates in the Haitian military and paramilitary forces to commit acts of torture, disappearance and extrajudicial killing, that he has command responsibility for the abuses committed by his subordinates, and that he conspired with

-1-

and aided and abetted such forces in their commission of, and in covering up, these abuses, including the extrajudicial killing of decedent Michel Pierre. Accordingly, plaintiffs assert that defendant is liable under domestic and international law for their injuries, pain, and suffering.

## JURISDICTION

2. Plaintiffs allege that defendant is liable for extrajudicial killing as defined by customary international law and the Torture Victim Protection Act ("TVPA"), Pub. L. No. 102-256, 106 Stat. 73 (1992) (codified at 28 U.S.C. § 1350, note). Plaintiffs further allege that defendant is liable for violations of customary international law prohibiting the commission of crimes against humanity. Accordingly, this Court has jurisdiction over this action based on 28 U.S.C. § 1350 (known as the Alien Tort Claims Act, or "ATCA"), and 28 U.S.C. § 1331.

3. On information and belief, Defendant is an alien and a resident of the United States. Therefore, venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(d) and (b).

## PARTIES

*Defendant*

4. On information and belief, Defendant Dorélien is a citizen of the Republic of Haiti and presently a resident of the United States. At all relevant times, Defendant Dorélien was a Colonel in the Armed Forces of Haiti and a member of its High Command. In or about 1992, Dorélien was appointed as Chief of Personnel, otherwise known as Assistant Chief of Staff (G1). In this position, Defendant Dorélien was responsible, among other things, for the appointment, transfer, and removal of armed forces personnel, and for military discipline including the administration of

-2-

**Attachment**

**Address of Counsel for Plaintiff:**

P.O. Box 14198, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-5880 (Lancaster)
            (202) 514-5887 (Ide)
Telecopier: (202) 514-9868
E-mail:  Marika.E.Lancaster@usdoj.gov
E-mail:  Carol.Koehler.Ide@usdoj.gov


**Related cases:**

In re IAL Aircraft Holding, Inc., Case No. 02-11341 (Bankr. S.D. Fla.) (Mark, J.)

In re International Air Leases of P.R., Inc., Case No. 02-12214 (Bankr. S.D. Fla.) (Mark, J.)

In re International Air Leases, Inc., Case No. 02-12215 (Bankr. S.D. Fla.) (Mark, J.)

In re L-1011 Partners, Inc., Case No. 02-12216 (Bankr. S.D. Fla.) (Mark, J.)

In re N304 Corp., Case No. 02-12218 (Bankr. S.D. Fla.) (Mark, J.)

In re A.L. Aircraft #4 Corp., Case No. 02-12220 (Bankr. S.D. Fla.) (Mark, J.)

military justice. In addition, as a member of the High Command, Defendant Dorélien exercised command and control over the operations of Haitian military and paramilitary forces involved in the alleged abuses against plaintiffs.

*Plaintiffs*

5. Marie Jeanne Jean is a resident and citizen of Haiti.

6. Vladimir Pierre is the minor son of Marie Jeanne Jean and Michel Pierre, and a resident and citizen of Haiti.

7. Michelleda Pierre is the minor daughter of Marie Jeanne Jean and Michel Pierre, and a resident and citizen of Haiti.

## STATEMENT OF FACTS

8. In December 1990, Jean-Bertrand Aristide, a former Haitian Catholic priest, won 67% of the popular vote in Haiti's first democratic presidential election following years of repressive dictatorship. Aristide took office on February 7, 1991, but was overthrown that September in a violent *coup d' etat* led by dissatisfied elements of the army and supported by many of the country's economic elite. From October 1991 to September 1994, an unconstitutional military *de facto* regime governed Haiti.

9. The three-year military regime was characterized by widespread state sponsored human rights violations, including abuses committed by the Haitian military. The practices of the military included extrajudicial killings, disappearances, torture and other physical abuse of detainees, and arbitrary arrest and detention. Several thousand Haitians were killed during the period of de facto military rule. These abuses caused thousands of Haitians to flee the country, often in crowded, unseaworthy boats. Many of these refugees sought safe haven in the United States.

LAW OFFICES, PODHURST ORSECK JOSEFSBERG EATON MEADOW OLIN & PERWIN, P.A. - OF COUNSEL, WALTER H. BECKHAM, JR.
25 WEST FLAGLER STREET - SUITE 800, MIAMI, FLORIDA 33130-1780
(305) 358-2800

10. Among the atrocities committed by Haitian Armed Forces during the 1991-94 military regime was an attack against civilians in the impoverished seaside neighborhood of Raboteau on the outskirts of the city of Gonaïves. On April 18 and 22, 1994, units of the Haitian Armed Forces, together with members of paramilitary group known as "FRAPH" (an acronym for the Front for Advancement and Progress in Haiti, and also a pun for the French and Creole word "to hit"), twice attacked the civilian population of Raboteau. At least 26 unarmed civilians were shot and killed and more than fifty homes were destroyed. Civilians killed in the attack were buried in shallow graves on the shore of Raboteau.

11. Plaintiffs and decedent Michel Pierre lived in Raboteau at the time of the massacre. On or about April 22, 2002, Michel Pierre became aware that soldiers were invading Raboteau. Michel Pierre fled in a boat to the sea, as fearful residents often had done when the military had come to harass, beat, or detain Raboteau residents in the past.

12. On this occasion, however, military and paramilitary forces anticipated residents' flight to the sea, and forces awaited in boats and on the shore. As Michel Pierre and others in his boat tried to flee from the military, the soldiers and paramilitary members shot at Michel Pierre and others. Michel Pierre was fatally wounded, and soldiers buried his body in a shallow grave by the sea. Marie Jeanne Jean discovered his body several days later.

**GENERAL ALLEGATIONS**

13. The attack against Raboteau, known as the "Raboteau massacre," was part of the military regime's repressive campaign against popular resistance to military rule. The campaign aimed to force the Haitian population, particularly the Haitian poor which overwhelmingly supported President Aristide, to abandon the struggle for a return to constitutional order. The

LAW OFFICES, PODHURST ORSECK JOSEFSBERG EATON MEADOW OLIN & PERWIN, P.A. - OF COUNSEL, WALTER H. BECKHAM, JR.
25 WEST FLAGLER STREET - SUITE 800, MIAMI, FLORIDA 33130-1780
(305) 358-2800

Raboteau massacre was one of a number of similar attacks conducted by the armed forces against civilians in neighborhoods considered strongholds of support for President Aristide and his "Lavalas" party, including the neighborhoods of Chantal, Carrefour-Feuilles, Carrefour-Marin, Thomassin, Borgne and Cité Soleil. Soldiers and paramilitary forces shot, killed, tortured, raped, detained, and physically abused civilians in these areas, and often looted and burned or destroyed homes, in an effort to break the resistance of the citizens of poorer neighborhoods to military rule.

14. The abuses committed by military and paramilitary forces against Haitian civilians were widely reported in the national and international media, and foreign diplomatic officials, human rights organizations, and others voiced their concerns about these abuses to the military regime and the High Command. Defendant Dorélien knew or reasonably should have known that the Haitian military and paramilitary forces under his command were committing severe human rights abuses against civilians.

15. At all relevant times, the chain of command within the Haitian Armed Forces was fully functional. Local officers were not permitted to conduct operations without authorization from superior officers, and operational information and intelligence regularly flowed up the chain of the command. Under customary international law and Haitian law, Defendant Dorélien had a duty to take measures to prevent military forces under his authority from committing violations of Haitian law and customary international law, including prohibitions against torture and extrajudicial killing. Additionally, Defendant Dorélien was under a duty to investigate, prevent and punish violations of customary international law committed by members of the military under his authority.

16. Defendant Dorélien failed or refused to take all necessary measures to properly investigate and prevent such abuses committed by or attributed to his subordinates, or to punish personnel under his command for committing such abuses.

17. Defendant Dorélien planned, ordered, authorized, encouraged, or permitted subordinates to commit acts of torture, disappearance and extrajudicial killing, and exercised command responsibility over, conspired with, and aided and abetted military and paramilitary forces in their commission of, and in covering up, these abuses. These actions and omissions were outside the scope of his lawful authority, and were not authorized by Haitian law.

18. At all times relevant hereto, on information and belief, Haitian military and paramilitary forces acted under the management, command, and supervisory authority of the Haitian Armed Forces, including Defendant Dorélien.

19. Defendant Dorélien was convicted in absentia in a trial in Haiti for murder, illegal arrest, conspiracy, and torture for the events at Raboteau and sentenced to prison for life, loss of property, and payment of fines.

*Absence of Remedies in Haiti*

20. Plaintiffs lack any ability to obtain an enforceable judgment for reparations in Haiti against Defendant. Accordingly, adequate and available remedies do not exist in Haiti.

**FIRST CLAIM FOR RELIEF**
*(Extrajudicial Killing)*

21. Plaintiff Marie Jeanne Jean, in her individual capacity, and as the parent and guardian for minors Vladimir Pierre and Michelleda Pierre (collectively "Plaintiffs") re-allege and incorporate by reference the allegations set forth in paragraphs 1-20 as if fully set forth herein.

22. The extrajudicial killing of decedent Michel Pierre was not authorized by any court judgment, and was unlawful under the laws of Haiti. The decedent Michel Pierre was never charged with, convicted of, or sentenced for any crime.

LAW OFFICES, PODHURST ORSECK JOSEFSBERG EATON MEADOW OLIN & PERWIN, P.A. - OF COUNSEL, WALTER H. BECKHAM, JR.
25 WEST FLAGLER STREET - SUITE 800, MIAMI, FLORIDA 33130-1780
(305) 358-2800

23. The extrajudicial killing of decedent Michel Pierre was carried out by or at the instigation, under the control or authority, or with the consent or acquiescence of a public official.

24. Defendant planned, ordered, authorized, encouraged, or permitted subordinate forces to commit acts of extrajudicial killing, and exercised command responsibility over, conspired with and aided and abetted such forces in their commission of, and in covering up, such abuses.

25. Defendant's acts and omissions described above, and the acts committed by his subordinate military forces against decedent Michel Pierre, were committed under actual or apparent authority, or color of law, of the government of Haiti.

26. The murder of Michel Pierre constitutes an extrajudicial killing as defined by the Torture Victim Protection Act, Pub. L. No. 102-256, 106 Stat. 73 (1992) (codified at 28 U.S.C. § 1350 note). Additionally, the extrajudicial killing of Michel Pierre constitutes a "tort ... committed in violation of the law of nations or a treaty of the United States" under the Alien Tort Claims Act, 28 U.S.C. § 1350, in that it constitutes a violation of customary international law prohibiting extrajudicial killing as reflected, expressed, defined and codified in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

27. Defendant's acts and omissions described above caused the extrajudicial killing of Michel Pierre, and caused Plaintiffs to suffer severe mental anguish.

28. As a result of the extrajudicial killing of Michel Pierre, Plaintiffs have suffered damages in an amount to be proven at trial.

29. Defendant's acts and omissions were deliberate, willful, intentional, wanton, malicious, and oppressive and should be punished by an award of punitive damages in an amount to be determined at trial.

LAW OFFICES, PODHURST ORSECK JOSEFSBERG EATON MEADOW OLIN & PERWIN, P.A. - OF COUNSEL, WALTER H. BECKHAM, JR.
25 WEST FLAGLER STREET - SUITE 800, MIAMI, FLORIDA 33130-1780
(305) 358-2800

## SECOND CLAIM FOR RELIEF
*(Crimes Against Humanity)*

30. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 20 of this Complaint as if fully set forth herein.

31. The abuses committed against Plaintiffs and decedent described herein also constituted persecution against an identifiable group based on political, cultural, or religious status, and were committed in the context of a widespread or systematic attack against a civilian population. Defendant Dorélien planned, instigated, ordered, authorized, or incited military, security and paramilitary forces to commit the abuses suffered by decedent, and had command over, controlled, or aided and abetted those forces in their commission of such abuses, and knew or should have known that such acts or omissions were committed in the context of a widespread or systematic attack against a civilian population.

32. Defendant's acts constitute "tort[s] ... committed in violation of the law of nations or a treaty of the United States" under the Alien Tort Claims Act, 28 U.S.C. § 1350, in that the acts against Plaintiffs violated customary international law prohibiting crimes against humanity as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

33. The extrajudicial killing of Michel Pierre caused Plaintiffs to suffer severe physical and mental pain and suffering. As a result of these acts of arbitrary detention, Plaintiffs have been damaged and are entitled to compensation in amounts to be determined at trial.

LAW OFFICES, PODHURST ORSECK JOSEFSBERG EATON MEADOW OLIN & PERWIN, P.A. - OF COUNSEL, WALTER H. BECKHAM, JR.
25 WEST FLAGLER STREET - SUITE 800, MIAMI, FLORIDA 33130-1780
(305) 358-2800

34. Defendant's acts and omissions were deliberate, willful, intentional, wanton, malicious and oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, pray for judgment against Defendant as follows:

(a)  For compensatory damages according to proof;

(b)  For punitive and exemplary damages according to proof;

(c)  For reasonable attorneys' fees and costs of suit, according proof, and

(d)  For such other and further relief as the court may deem just and proper.

A jury trial is demanded on all issues.

Dated: January 24, 2003

Respectfully submitted,

STEPHEN F. ROSENTHAL
Florida Bar No.: 0131458
Podhurst Orseck Josefsberg Eaton, et al.
City National Bank Building, Suite 800
25 West Flagler Street
Miami, Florida 33130
Tel.: (305) 358-2800
FAX: (305) 358-2382

JOSHUA SONDHEIMER (SBN 152000)
The Center for Justice & Accountability
870 Market Street, Suite 684
San Francisco, CA 94102

Tel: (415) 544-0444
Fax: (415) 544-0456

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET    03-20161

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-KING**

### I. (a) PLAINTIFFS
Marie Jeanne Jean, in her individual capacity, and as parent and legal guardian for minors Vladimir Pierre and Michellada Pierre,

### DEFENDANTS
Carl Dorelien

**MAGISTRATE JUDGE O'SULLIVAN**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Haiti
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Please see attached

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: **DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

Dade 1:03cv20161 King/O'Sullivan

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 340 Marine / ☐ 370 Other Fraud | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 890 Other Statutory Actions A OR B |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | A☐ 791 Empl. Ret. Inc. Security Act | |
| | | B☐ 555 Prison Condition | A☐ 871 IRS — Third Party 26 USC 7609 | |
| | | | ☐ 740 Railway Labor Act | |
| | | | ☐ 790 Other Labor Litigation | |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 USC 1350 and note for extrajudicial killing and crimes against humanity

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE ___  DOCKET NUMBER ___

DATE 1/24/03

SIGNATURE OF ATTORNEY OF RECORD
#0131458

FOR OFFICE USE ONLY

RECEIPT # ___  AMOUNT $150.00  APPLYING IFP ___  JUDGE 87619?  MAG. JUDGE ___

01-24-03

(c) Attorneys

Stephen F. Rosenthal
Podhurst Orseck Josefsberg, et al.
City National Bank Building - Suite 800
25 West Flagler Street
Miami, Florida   33130
Tel: (305) 358-2800
Fax: (305) 358-2382

Joshua Sondheimer
Matthew Eisenbrandt
The Center for Justice and Accountability
870 Market Street, Suite 684
San Francisco, California   94102
Tel:   (415) 544-0444
Fax:   (415) 544-0456