UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.:  03-20161 CIV-KING

MARIE JEANNE JEAN,
in her individual capacity, and
as parent and legal guardian for
minors VLADIMY PIERRE and
MICHELDA PIERRE and
LEXIUSTE CAJUSTE,

       Plaintiffs,

v.

CARL DORELIEN,

       Defendant.

_____

**JOINT MOTION FOR STAY, OR ALTERNATIVELY,**
**FOR ENLARGEMENT OF TIME FOR DISCOVERY**

Come now the parties to this litigation, and jointly move this Court for a stay of these proceedings.  Alternatively, the parties move for an enlargement of time for the taking of discovery.  In support of this motion, the parties would show:

1.      This matter is currently set for trial during the Court's trial term commencing on February 20, 2007.

2.      Plaintiff Marie Jeanne Jean ("Jean") and Defendant Carl Dorelien ("Dorelien") are also involved in litigation in the Circuit Court for the Second Judicial Circuit of the State of Florida in In Re Assignment of Certain Lottery Payments of Carl Dorelien, Marie Jeanne Jean v. Carl Dorelien; Case No. 04-CA-000559.  That action involves an effort by Jean to domesticate a Haitian judgment against Dorelien, and to obtain certain lottery proceeds belonging to Dorelien to satisfy that judgment.  The judge in that state court action has entered an order domesticating that judgment, and has ordered the payment over of these sums to Jean in satisfaction of the

judgment.  Dorelien has appealed the state court's decision to domesticate the judgment, and that appeal is pending before the First District Court of Appeal of Florida.

3.     Since obtaining the domesticated judgment in the state court action, the parties have been actively discussing a potential resolution of all claims, including those in this case. Any such resolution is heavily dependent upon the outcome of the state court appellate proceeding.

4.     Dorelien currently resides in Haiti, as do several other key witnesses.  The parties need to take the deposition of Dorelien and several other witnesses in Haiti prior to the close of discovery, and prior to trying this case.  The parties have delayed the taking of this discovery due to its great expense and logistical difficulty and in the hope of the case resolving through settlement prior to the necessity of the taking of such discovery.

5.     Should this Court decline to stay the proceedings, the parties are prepared to take the deposition of Dorelien within two weeks of the date of this Motion, and to take any other necessary discovery within that same time.

6.     The parties request that this Court stay this proceeding until such time as the state court action is resolved through appeal by the First District Court of Appeal of Florida.

7.     The parties ask that the stay not exceed six months in duration.

8.     The parties agree that a stay by this Court of this action will be the most efficient way to attempt to resolve this case, and potentially obviate the need for further discovery and a trial, with the attendant expense and burden upon the parties and upon this Court.  Therefore, the parties ask that the Court exercise its discretion and stay this action for a period of time no greater than six months, with the parties to immediately alert the Court upon the resolution of

this case either through settlement, or through the failure of such settlement, and a request that the case be placed upon the trial docket.

9.      Alternatively, the parties request that if the Court declines to stay this action, that the Court extend discovery for two weeks in order to allow the parties time to complete the discovery deposition of Dorelien, as well as several other discovery matters.

For these reasons, Plaintiffs request a stay in this cause, or alternatively, extension of the discovery deadline for two weeks in order to allow the parties time to complete the discovery in this matter.

## MEMORANDUM OF LAW

The parties jointly request a stay of these proceedings in order to allow additional time for the conclusion of related state court proceedings that could well result in the resolution of the matters at issue in this case.  Alternatively, the parties request an enlargement of time of two weeks for the taking of additional discovery, including the deposition of Dorelien.

### A.      This Court has discretion to stay these proceedings, and a stay is appropriate in these circumstances.

A District Court has broad discretion to stay proceedings as an incident to the Court's power to control its own docket.  Clinton v. Jones, 520 U.S. 681, 117 S.Ct. 1636, 706-707 (1997).  The power to grant a stay is recognized as appropriate in a variety of circumstances, including management of cases before the District Court.  Ortega Trujillo v. Conover & Co. Communications, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000).  The parties in the case at bar ask the Court to exercise this discretion and management of the docket by granting a stay.  The granting of the stay will serve the positive purpose of allowing the conclusion of related state court proceedings that, depending on their outcome, will likely lead to a resolution or settlement

of the proceedings in the case at bar.  This exercise of the Court's discretion will thus potentially avoid the unnecessary expense and judicial labor necessary for the trial of this case.

Although the Court has the discretion to enter a stay, the stay must have reasonable limits and must not be immoderate.  Landis v. North American Co., 299 U.S. 248, 257, 57 S.Ct. 163, 167 (1936).  One critical fact to be considered is whether the stay ordered is immoderate or indefinite in duration.  McKnight v. Blanchard, 667 F.2d 477, 479 (5th Cir. 1982).  In the case at bar the parties request a stay of definite duration, and for a reasonable length of time.  Six months should be more than ample for the resolution of the issues on appeal.  The parties agree that if the matter is not resolved prior to the exhaustion of that six months, the matter will be brought before the Court at that time, and that the stay may either be revisited, or lifted.  Thus, the stay requested is neither indefinite, nor immoderate.

For these reasons, the parties respectfully submit that a stay is within the discretion of this Court, and is appropriate in these circumstances.

>    **B.**    **The alternative remedy requested of an enlargement of time for the taking of additional discovery is within the power of the Court, and appropriate in these circumstances.**

Federal Rule of Civil Procedure 6(b) allows a court broad discretion to enlarge the period of time a party has to meet an act required during litigation, and states in pertinent part:

> When…by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion, (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed.R.Civ.P. 6(b); see generally Ritter v. Smith, 811 F.2d 1398, 1403 (11th Cir. 1987) (stating that Rule 6(b)(1) "gives the district court discretion to enlarge time period if done prior to the expiration of the original time period").  Rule 6(b)(1) applies here because, with this motion, the

Plaintiffs and Defendants seek to enlarge the time for conducting discovery and the deadlines for such have not yet expired.

The parties agree that an additional two weeks is necessary to travel to Port-au-Prince, Haiti to take the deposition of Dorelien, and potentially some additional discovery. Although the parties had scheduled the deposition for 28 November 2006, this schedule presented difficulties and conflicts with the schedule of counsel for Dorelien which might have prevented counsel's attendance at the deposition in person. After conferring, counsel for the parties agreed to a short extension of discovery to allow counsel for Dorelien to attend the deposition in person, and agreed to a stipulated extension of discovery and a request to the Court for an enlargement of time as part of this Motion. The granting of this Motion will allow the parties time to take this critical discovery. The enlargement of time requested will not have any effect on the pretrial schedule, or the trial schedule, should the Court decline to stay this action.

For these reasons, the parties respectfully request that the Court, as an alternative remedy, enlarge the time for the taking of discovery by two weeks.

## CONCLUSION

For the reasons stated, the parties jointly request that this Court stay this action for six months, or until such time as the related litigation in the courts of the State of Florida is resolved, and this matter is resolved. Alternatively, should the Court not grant a stay, the parties jointly request that the Court enlarge the time for discovery by two weeks.

## Rule 7.1.A.3 Certification

Counsel have conferred concerning this Motion, and have agreed and consented to the Motion being joint in nature, and both parties ask for the relief requested herein.

Respectfully submitted,

LAW OFFICES OF KURT R. KLAUS, JR.     HOLLAND & KNIGHT, LLP

s/ Kurt R. Klaus

Kurt R. Klaus, Jr., Esq.
Fla. Bar No. 299804
Suite 120, South Dade Two
10720 Caribbean Boulevard
Miami, Florida  33189
Tel.:  (786) 249-0015
Fax:  (786) 249-0484

s/ Dwayne E. Williams

Dwayne E. Williams, Esq.
Fla. Bar. No. 0125199
701 Brickell Avenue, Suite 3000
Miami, Florida  33131
Tel.:  (305) 374-8500
Fax.:  (305) 789-7799
Email: dwwillia@hklaw.com

Thomas E. Bishop, Esq.
Florida Bar No. 0956236
TANNER BISHOP
One Independent Drive, Suite 1700
Jacksonville, Florida 32202
Tel: (904) 598-0034
Fax: (904) 598-0395
tbishop@tannerbishoplaw.com

MATTHEW EISENBRANDT
(*Admitted Pro Hac Vice*)
The Center for Justice & Accountability
870 Market Street, Suite 684
San Francisco, CA 94102
Tel: (415) 544-0444
Fax: (415) 544-0456
Email: meisenbrandt@cja.org

JOHN ANDRES THORNTON
(Florida Bar No. 0004820)
9 Island Avenue #2005
Miami Beach, FL 33139
Tel.:  (305) 532-6851
Fax: (305) 532-6851
Email: johnandresthornton@hotmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.:  03-20161 CIV-KING

MARIE JEANNE JEAN,
in her individual capacity, and
as parent and legal guardian for
minors VLADIMY PIERRE and
MICHELDA PIERRE and
LEXIUSTE CAJUSTE,

      Plaintiffs,

v.

CARL DORELIEN,

      Defendant.
_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 29, 2006, I electronically filled the foregoing document with the Clerk  of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filings generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s\Dwayne E. Williams
_____

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.:  03-20161 CIV-KING

MARIE JEANNE JEAN,
in her individual capacity, and
as parent and legal guardian for
minors VLADIMY PIERRE and
MICHELDA PIERRE and
LEXIUSTE CAJUSTE,

      Plaintiffs,

v.

CARL DORELIEN,

      Defendant.

_____

## SERVICE LIST

Kurt R. Klaus, Jr., Esq.
Fla. Bar No. 299804
LAW OFFICES OF KURT R. KLAUS, JR.
Suite 120, South Dade Two
10720 Caribbean Boulevard
Miami, Florida  33189
Tel.:  (786) 249-0015
Fax:    (786) 249-0484

Thomas E. Bishop, Esq.
Florida Bar No. 0956236
TANNER BISHOP
One Independent Drive, Suite 1700
Jacksonville, Florida 32202
Tel: (904) 598-0034; Fax: (904) 598-0395
tbishop@tannerbishoplaw.com

MATTHEW EISENBRANDT
(*Admitted Pro Hac Vice*)
The Center for Justice & Accountability
870 Market Street, Suite 684
San Francisco, CA 94102
Tel: (415) 544-0444; Fax: (415) 544-0456

Dwayne E. Williams, Esq.
Fla. Bar. No. 0125199
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3000
Miami, Florida  33131
Tel.:  (305) 374-8500;
Fax.:  (305) 789-7799
Email: dwwillia@hklaw.com

JOHN ANDRES THORNTON
Florida Bar No. 0004820
9 Island Avenue
Miami Beach, FL  33139
Tel.:  (305) 532-6851
Fax:  (305) 532-6851
Email:  johnandresthornton@hotmail.com

Christian N. Scholin, Esq.
505 S. Flagler Drive, Suite 400
West Palm Beach, FL  33401
Tel.:  (561) 655-7711
Fax:  (561) 655-7972